2025 IL App (1st) 230791-U
No. 1-23-0791
Order filed March 21, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 3684 02 |
| | ) | |
| KENYATTA MCLAURIN | ) | The Honorable |
| | ) | Stanley J. Sacks, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Tailor and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. The record rebutted petitioner's postconviction claims that he pleaded guilty to a void offense and that counsel intimidated him into waiving the right to a jury trial.

¶ 2    Kenyatta McLaurin asserts that he pleaded guilty to a void offense. He also asserts that he did not voluntarily waive the right to a jury trial. But he misapprehends transcripts showing that he pleaded guilty to a valid offense and confirmed that no threats led him to waive the jury-trial right. The trial court properly dismissed his postconviction petition, so we affirm.

¶ 3                                    Background

¶ 4      Kenyatta McLaurin petitioned for postconviction relief, raising four claims attacking his conviction as an armed habitual criminal. On appeal from the summary dismissal of his petition, he pursues two. One arises from an earlier guilty plea: That prior conviction was an element of the offense of being an armed habitual criminal, a conviction McLaurin contends is void. The other claim arises from the trial for being an armed habitual criminal: McLaurin contests the validity of his jury-trial waiver.

¶ 5                                    Guilty Plea

¶ 6      A four-count indictment charged McLaurin and a codefendant with unlawful use of a weapon by a felon (720 ILCS 5/24-1.1 (West 2006)) and aggravated unlawful use of a weapon (*id*. § 24-1.6(a)(1),(a)(3)(A)).

¶ 7      Before accepting the pleas, the trial court confirmed the counts in the joint indictment to which each defendant would plead guilty. The court asked: "Which count? They have different counts?" Counsel for the State replied: "Count 1 each defendant." The court then corrected her: "No, Count 1 on [codefendant], Count 2 on [] McLaurin." Counts one and two, naming codefendant and McLaurin respectively, charged unlawful use of a weapon by a felon.

¶ 8      The trial court then admonished co-defendant that he was charged with unlawful use of a weapon by a felon by reading from count one to him. Likewise, the court admonished McLaurin by reading from count two: "[Y]ou're also charged with on or about November 8, 2007, that you possessed on or about your person a firearm, after having been previously convicted of * * * aggravated unlawful use of a weapon[.]"

¶ 9 The trial court accepted both pleas. But the court stated, "[A] finding of guilty on the charge of aggravated unlawful use of a weapon as charged in [co-defendant's] Count 1 and Mr. McLaurin's Count 2, which is his Count 1." The joint indictment lists "Count 02" as "UNLAWFUL USE OF A WEAPON BY A FELON," and it is the first count to name McLaurin. The mittimus, written after the trial court made its oral pronouncement, states McLaurin pleaded guilty to "Count 002," "AGG UUW/VEH/PREV CONVICTION."

¶ 10                                Bench Trial and Appeal

¶ 11 Years later, a new indictment charged McLaurin and another with weapons and narcotics offenses. It accused McLaurin of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2018)). It listed as one of his prior convictions: "AGGRAVATED UNLAWFUL USE OF A WEAPON UNDER CASE NUMBER 07CR2447502[,]" which tracked the mittimus of the guilty plea.

¶ 12 Before trial, the court found McLaurin knowingly and voluntarily waived the right to have a jury hear his case. The trial court explained that, although counsel could advise McLaurin whether to proceed by bench or jury trial, the choice belonged to McLaurin alone. McLaurin confirmed he understood. The court asked if McLaurin chose to waive this right. McLaurin said he did. McLaurin also said that no one had influenced his decision with force, threats, or "any promise of any sort."

¶ 13 The trial court then noted that recent caselaw obligated it to vacate void convictions. The court passed the case for the State to investigate whether that caselaw applied to McLaurin's prior conviction. When the trial court recalled the case, the State conveyed that caselaw did not apply.

¶ 14    At the bench trial, the court heard evidence that McLaurin had constructively possessed a firearm. The court also received certified copies of McLaurin's conviction for aggravated battery in no. 07 CR 25080 01, and "aggravated unlawful use of a weapon with a prior conviction" in no. 07 CR 24475 02, the prior guilty plea. The court found McLaurin guilty of being an armed habitual criminal.

¶ 15    On appeal, this court affirmed, rejecting McLaurin's sole contention that the State failed to prove the element of possession beyond a reasonable doubt. *People v. McLaurin*, 2021 IL App (1st) 192203-U, ¶¶ 36-37.

¶ 16                                Post-Conviction Petition

¶ 17    McLaurin petitioned for postconviction relief, raising four claims. McLaurin abandons two of them on appeal: that new evidence showed his actual innocence and that trial counsel provided ineffective assistance by failing to investigate McLaurin's codefendant.

¶ 18    At issue is (i) whether trial counsel provided ineffective assistance by threatening to withdraw unless McLaurin waived his jury-trial right and (ii) whether counsel at trial and on appeal provided ineffective assistance by permitting the State to use as evidence McLaurin's conviction in no. 07 CR 24475 02, which he claims is void.

¶ 19    The trial court summarily dismissed the petition as frivolous and patently without merit.

¶ 20                                Analysis

¶ 21    Post-conviction proceedings have three distinct stages. *People v. Boclair*, 202 Ill. 2d 89, 99 (2002). At each stage, petitioners bear the burden of showing they qualify for relief. *People v. Allen*, 2015 IL 113135, ¶¶ 21-22.

¶ 22    At the first stage, petitioners need only allege facts showing "the gist of a constitutional claim." *Allen*, 2015 IL 113135, ¶ 24. This is a low standard; the trial court considers a petitioner's allegations true and construes them liberally unless the record positively rebuts them. *Id.* ¶ 25 (citing *People v. Edwards*, 197 Ill. 2d 239, 244 (2001)).

¶ 23    The trial court will summarily dismiss a petition whose claims lack an arguable basis either in law or fact. "No arguable basis either in law or in fact" means it "is based on an indisputably meritless legal theory or a fanciful factual allegation." *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). "Fanciful factual allegations include those which are fantastic or delusional." *Hodges*, 234 Ill. 2d at 17. If the record contradicts petitioner's legal theory, that theory becomes meritless. *Id.* at 16.

¶ 24    This court reviews the summary dismissal *de novo*, giving no deference to the trial court's ruling. *Id.* at 9.

¶ 25                                    No Void Predicate

¶ 26    McLaurin sets aside the ineffectiveness claim to focus on the "heart of the matter," contending that the trial court improperly considered a void conviction, aggravated unlawful use of a weapon, as a qualifying predicate offense in finding him guilty of being an armed habitual criminal. See *People v. Burns*, 2015 IL 117387, ¶ 25 (holding section 24-1.6(a)(1), (a)(3)(A) of AUUW statute "facially unconstitutional, without limitation"). The State responds that, no matter how that conviction was described at the bench trial, the transcript of the plea hearing shows that McLaurin pleaded guilty to, and was found guilty of, unlawful use of a weapon by a felon, a valid conviction. We agree with the State.

¶ 27    To convict McLaurin of being an armed habitual criminal, the State had to prove that McLaurin possessed a firearm after being convicted of two or more qualifying offenses. 720 ILCS

5/24-1.7(a) (West 2018). Qualifying offenses include aggravated battery and unlawful use of a weapon by a felon. *Id*. § 24-1.7(a)(2). McLaurin challenges only one of the two predicates. He claims that the State improperly used his conviction in no. 07 CR 24475 02, which he contends was not the qualifying offense of unlawful use of a weapon by a felon but something else.

¶ 28    McLaurin contends that the trial court's admonishment at the plea hearing "mirror[ed]" the statutory language of the void offense of aggravated unlawful use of a weapon (*id*. § 24-1.6(a)(1),(a)(3)(A)). In his view, "the guilty plea transcript makes clear that [he] was charged with 'possession on or about [his] person a firearm, after having been previously convicted of a felony offense of aggravated unlawful use of a weapon under case number 01 CR 3702.' "

¶ 29    To the contrary, the trial court did not ad-lib a void offense on the State's behalf. The court read from count two of the indictment before it, where the State alleged McLaurin committed the offense of "unlawful use of a weapon by a felon" (emphasis omitted) because he had "possessed on or about his person, a firearm, after having been previously convicted of the felony offense of aggravated unlawful use of a weapon, under case number 01CR-03702[.]"

¶ 30    In his reply brief, McLaurin acknowledges this context, noting the State offers "helpful" background. Still, he provides a new reason, that he pleaded guilty to "his count 2," not count two in the indictment, and that the trial court "confirmed" as much in its oral pronouncement. This argument, however, misreads the record. While finding McLaurin entered a valid plea of guilt, the trial court said, "There will be a finding of guilty * * * as charged in * * count 2, which is his count 1."

¶ 31    To be sure, McLaurin "concedes that the [trial court] did misspeak in some capacity." And the State notes the trial court "misspoke" at one point. We agree.

¶ 32    But only the State offers a reasonable reading. The trial court admonished McLaurin as to unlawful use of a weapon by a felon as charged. Neither the court nor the parties addressed the other charges during plea proceedings. And the court repeatedly referred to count two of the indictment, including in its oral pronouncement.

¶ 33    Although the trial court misspoke by using the phrase "aggravated unlawful use of a weapon," it cross-referenced counts one and two of the indictment in the same breath. In full, the trial court stated: "[A] finding of guilty on the charge of aggravated unlawful use of a weapon as charged in [co-defendant's] Count 1 and Mr. McLaurin's Count 2, which is his Count 1." This was a finding that McLaurin pleaded guilty to, and was convicted of, unlawful use of a weapon by a felon. Thus, neither the trial court's flub nor the mittimus arguably supports McLaurin's claim that he pleaded guilty to a void offense. *People v. Profit*, 2021 IL App (1st) 170744, ¶ 38 (quoting *People v. Jones*, 376 Ill. App. 3d 372, 395 (1st Dist. 2007) ("When the oral pronouncement of the court and the written order are in conflict, the oral pronouncement controls.")).

¶ 34    For similar reasons, we reject as misplaced McLaurin's contentions in reply that the doctrines of estoppel or forfeiture somehow work to convert his valid conviction into a void one. McLaurin asks this Court to "judicially estop the State's transparent effort to simplify its case on appeal and to avoid the consequence of charging McLaurin for conduct that cannot be constitutionally prosecuted." Likewise, he contends that the State "has forfeited the argument that the court can use another conviction, not discussed in the [] indictment, to sustain his [] conviction."

¶ 35    Essentially, McLaurin's invocations of these doctrines stem from the same mistaken premise: his guilty plea to a so-called void offense. The record refutes that idea, as we explained.

Furthermore, even if the parties believed McLaurin pleaded guilty to a void offense, the law prohibits this court from giving that false belief effect. See *In re N.G.*, 2018 IL 121939, ¶ 37 ("where, as here, the statute on which a criminal conviction is based has been declared facially invalid under the United States Constitution, the conviction must be vacated and cannot be given any force or effect"). To employ those doctrines "would seem to suggest that we condone a kind of mix-and-match, *ad hoc* justice, where the specific convictions of record do not matter." See *People v. Clark*, 2016 IL 118845, ¶ 44. That would be error. See *Clark*, 2016 IL 118845, ¶ 47 (noting "any conviction ultimately entered should be based upon the evidence, not judicial fiat").

¶ 36    McLaurin pleaded guilty to unlawful use of a weapon by a felon in no. 07 CR 24475 02, a predicate offense underlying his indictment for, and conviction of, armed habitual criminal conviction in no. 18 CR 3864 02. Because McLaurin's claim lacks an arguable basis in fact, the trial court properly rejected it as meritless. *Hodges*, 234 Ill. 2d at 16.

¶ 37                                   No Threat from Counsel

¶ 38    McLaurin alleges counsel provided ineffective assistance by threatening to withdraw from the case if McLaurin did not waive the right to a jury trial. The State contends the record rebuts this claim because it shows McLaurin validly waiving that right, affirming that he received no threats, and the decision was his alone. We agree with the State.

¶ 39    Any person accused of a crime has a fundamental choice—to exercise or waive the constitutional right to a jury trial. *People v. Ramey*, 152 Ill. 2d 41, 54 (1992). That decision belongs solely to the defendant. *Ramey*, 152 Ill. 2d at 54. But counsel has a role—providing effective assistance when advising their client about this fundamental decision. See *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (adopting test for effective assistance of counsel).

¶ 40    McLaurin contends counsel arguably provided ineffective assistance by undermining the voluntary nature of his waiver of the right to a jury trial. See *People v. Tate*, 2012 IL 112214, ¶¶ 19-20 (adapting *Strickland* to first stage of postconviction proceedings). He alleges that, counsel threatened to withdraw sometime before trial if he did not waive the jury-trial right. ("I informed my attorney [] I wanted a jury trial, but he said, 'we taking a vebch [*sic*] trial or he was unable to represent me in this case.['] So I agreed to waive to a jury trial because I needed my attorney for trial.") Thus, he "predicate[s]" his claim "on an out-of-court conversation between him and his trial attorney," contending "that conversation, taken as true, necessarily impacted the voluntariness of his jury waiver."

¶ 41    Put differently, the decision to waive a jury trial was not his alone. Nevertheless, McLaurin ignores *People v. Knapp*, 2020 IL 124992, to advance this claim, which appears in the State's response but not addressed in either McLaurin's opening or reply briefs. *Knapp* forecloses his claim.

¶ 42    In *Knapp*, a petitioner alleged that counsel's off-record advice before trial undermined the voluntary nature of his decision to waive the fundamental right to testify. *Knapp*, 2020 IL 124992, ¶¶ 39, 52. The Illinois Supreme Court held that, even taking the claims as true, and construing it liberally, the record rebutted it because the alleged advice "occurred before the circuit court's admonishments" and "[a]fter the court's admonishments, petitioner confirmed on the record that the decision not to testify was his alone." *Id.* ¶ 54. The petitioner's "responses during the trial court's admonishments unequivocally rebut[ted] his allegations that his decision not to testify was involuntary or based on allegedly erroneous advice from counsel[.]" *Id.*

¶ 43    Like the petitioner in *Knapp*, McLaurin fails to grapple with the record's long colloquy in which McLaurin, after allegedly receiving a threat, confirmed that no threats had forced his jury-trial waiver and the decision to waive was his alone.

> THE COURT: You're charged in Case number 18-CR-3684 with armed habitual criminal, weapons violations by a felon. You have a constitutional right to a trial by a jury of 12 people on those charges. You understand that?
>
> McLAURIN: Yes, sir.
>
> THE COURT: Since the trial like that by a jury is your constitutional right, you have that right if you want to [] have me hear the case myself which has commonly become known as a bench trial. Do you understand that?
>
> McLAURIN: Yes, sir.
>
> THE COURT: Is this your signature?
>
> McLAURIN: Yes, sir.
>
> THE COURT: Did you understand when you signed that form you were giving up in writing your constitutional right to a trial by a jury in this case?
>
> McLAURIN: Yes, sir.
>
> THE COURT: Is that what you meant to do when you signed the form?
>
> McLAURIN: Yeah.
>
> THE COURT: By giving up your right to a trial by a jury I'll hear the case myself, on or about the date of February 12 of this year (unintelligible) against you at this time; do you understand that?
>
> McLAURIN: Yes, sir.
>
> THE COURT: Your lawyer is a good lawyer; he can give you advice. He can give you suggestions, telling you his thoughts, try by me or try by a jury. Whether you're tried by me or tried by a jury it's solely and entirely up to you; do you understand that?

McLAURIN: Yes.

THE COURT: Is it your decision you want to be tried by me instead of a jury?

McLAURIN: Yes.

THE COURT: Did anybody use any force or threat or any other way to cause you to give up your right to a trial by a jury?

McLAURIN: No, sir.

THE COURT: Has anybody made you any promise of any sort that would cause you to give up your right to a trial by a jury?

McLAURIN: No.

THE COURT: Giving up that right freely and voluntarily on your part?

McLAURIN: Yes.

¶ 44 The record rebuts McLaurin's allegations regarding his counsel's off-record advice before trial. *E.g.*, *People v. Fox*, 2023 IL App (1st) 210844-U, ¶ 26 (holding "defendant's own words at the time that he acknowledged that he was voluntarily waiving his right to a jury trial, together with his signature on his jury waiver, contradict his postconviction allegations that he waived his right to a jury trial in reliance upon his trial counsel's threat to only represent him if he chose a bench trial").

¶ 45 Furthermore, "Nothing in our postconviction jurisprudence allows, let alone requires, a reviewing court to ignore the record." *Knapp*, 2020 IL 124992, ¶ 54. The trial court properly rejected McLaurin's allegations as meritless. *Hodges*, 234 Ill. 2d at 16.

¶ 46 Affirmed.